NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID DEAN,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

AND

**OFFICE OF PERSONNEL MANAGEMENT,**
*Intervenor.*

---

2014-3026

---

Petition for review of the Merit Systems Protection Board in No. AT-3330-12-0696-I-1.

---

Decided:  June 6, 2014

---

DAVID DEAN, of Lugoff, South Carolina, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief was BRYAN G. POLISUK, General Counsel.

RUSSELL J. UPTON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and PATRICIA M. MCCARTHY, Assistant Director. Of counsel on the brief were KAMALA VASAGAM, General Counsel, KATHIE ANN WHIPPLE, Deputy General Counsel, STEVEN E. ABOW, Deputy General Counsel, and ROBIN M. RICHARDSON, Senior Counsel, Office of the General Counsel, United States Office of Personnel Management, of Washington, DC.

———————

Before PROST,* *Chief Judge*, BRYSON and MOORE, *Circuit Judges.*

PER CURIAM.

Petitioner David Dean appeals from an order of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. The Board correctly held that it lacked jurisdiction because Mr. Dean had not shown that he exhausted his administrative remedies. We affirm that dismissal.

## BACKGROUND

On or about July 9, 2012, Mr. Dean submitted a complaint to the Department of Labor ("DOL"). Mr. Dean alleged that the Office of Personnel Management ("OPM") "has attached restrictive requirements for veterans to apply for the Presidential Management Fellows (PMF) that do not apply to none [sic] veterans." Resp't's App. 29.

———————

* Sharon Prost assumed the position of Chief Judge on May 31, 2014.

On July 10, 2012, the DOL issued a response letter closing Mr. Dean's complaint. It stated:

> This letter is being provided to advise you that your Veterans' Preference complaint, alleging that the Presidential Management Fellows (PMF) program places an application and selection requirement on disabled veterans that are not placed on non-veterans, *is being closed this date as a prematurely-filed complaint.* If after you have applied for an announcement under the PMF program, or expressed an interest in a position by initiating contact with an agency and asked for consideration for appointment to a specific position, and believe that your veterans' preference rights were violated in the selection process, you may file a new complaint with our agency within 60 days after the date of the alleged violation.

Resp't's App. 32 (emphasis added).

The next day, Mr. Dean appealed the DOL's decision to the Board. There, the administrative judge issued an initial decision dismissing Mr. Dean's appeal for lack of jurisdiction. The administrative judge held that (1) Mr. Dean failed to show that he exhausted his administrative remedies before the DOL; and (2) Mr. Dean did not make a non-frivolous allegation that the agency violated his rights under a statute or regulation relating to veterans' preference. *Dean v. Office of Pers. Mgmt.*, No. AT-3330-12-0696-I-1 (M.S.P.B. Oct. 10, 2012) ("*Initial Decision*").

In the final decision, the Board affirmed the initial decision based solely on the first ground. *Dean v. Office of Pers. Mgmt.*, No. AT-3330-12-0696-I-1 (M.S.P.B. Sept. 9, 2013) ("*Final Decision*"). This appeal followed.

## DISCUSSION

Under the Veterans Employment Opportunities Act of 1998 ("VEOA"), individuals who believe that an agency

violated their rights under any statute or regulation relating to veterans' preference may file a complaint seeking relief from the Secretary of Labor. 5 U.S.C. § 3330a(a)(1)(A)–(B). "If the Secretary of Labor is unable to resolve [the] complaint . . . , the complainant may elect to appeal the alleged violation to the Merit Systems Protection Board . . . ." *Id.* § 3330a(d)(1).

But in order to establish Board jurisdiction over a VEOA appeal, the appellant must, among other things, show that he exhausted his remedy with the DOL. *E.g.*, *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012); *Waddell v. U.S. Postal Serv.,* 94 M.S.P.R. 411, 414 (2003) ("The statute plainly includes a requirement that, before filing a Board appeal, an appellant must exhaust his DoL remedy. The need to show exhaustion of that remedy is therefore a jurisdictional element of a VEOA appeal."). The appellant must make that showing by a preponderance of the evidence. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). Finally, "[w]hether the board had jurisdiction to adjudicate a case is a question of law, which we review *de novo*." *Id.*

As noted, the administrative judge held that the Board lacked jurisdiction to hear Mr. Dean's appeal. Specifically, the administrative judge held that Mr. Dean's DOL complaint was "untimely" because it "was clearly determined by DOL to have been filed outside the appropriate time period, i.e., too soon." *Initial Decision* at 5. Looking to Board precedent concerning appeals of untimely DOL complaints and the purpose of the exhaustion requirement, the administrative judge concluded that Mr. Dean failed to exhaust his administrative remedy. Accordingly, the administrative judge concluded that the Board lacked jurisdiction. In the final decision, the Board "agree[d] with the administrative judge's conclusion that the appellant did not exhaust his administrative remedy because of his prematurely filed DOL complaint." *Final*

*Decision* at 4 (citing *Graves v. Dep't of Veterans Affairs*, 117 M.S.P.R. 491, ¶¶ 13-14 (2012)).

Mr. Dean now argues that his premature complaint was not "untimely," and thus, that the Board erred by holding that his DOL complaint did not exhaust his administrative remedy. According to Mr. Dean, the Board's reasoning and cited authority applies only to complaints that were filed too late and not to premature complaints like his own.

We recognize that jurisdictionally relevant differences may exist between premature and late filings. For example, a late complaint typically does not become timely if filed again at a later date. A premature complaint, on the other hand, may be amenable to timely refiling after the passage of time or the occurrence of requisite events. Indeed, the DOL's response letter clearly contemplated that under certain circumstances petitioner could timely seek relief at the DOL in the future. But such differences between premature and late complaints do not help Mr. Dean. Indeed, the fact that he might properly exhaust those remedies in the future indicates that he has not yet done so. Thus, Mr. Dean's argument that his premature complaint should not be considered untimely for exhaustion purposes fails.

Mr. Dean next argues that his complaint should not even be considered premature because "filing one day early is de minimius [sic]." Original Informal Br. 2. This argument is unpersuasive. First, Mr. Dean provides no authority for this proposition. Second, the DOL did not dismiss Mr. Dean's complaint because it was filed one day before the relevant implementing regulations became effective. Instead, the DOL dismissed the complaint because Mr. Dean filed it before applying for an announced position under the Presidential Management Fellows program or otherwise being in a position to have his veterans' preference rights violated. Simply put, even

if filing one day early should be deemed timely, Mr. Dean's complaint cannot be fairly characterized as just one day early.

Mr. Dean also appears to argue that the Board erred because, according to Mr. Dean, after he filed his complaint he was selected as a Presidential Management Fellows semi-finalist and finalist. But whether Mr. Dean later became a semi-finalist and finalist does not affect the present jurisdictional analysis. Even if those developments would be sufficient to support a new or refiled complaint with the DOL, they do not affect whether, at the time of this appeal, Mr. Dean had actually exhausted his administrative remedy.

We have considered Mr. Dean's remaining arguments and find them unpersuasive.

CONCLUSION

For the foregoing reasons, we affirm the Board's dismissal of Mr. Dean's appeal for lack of jurisdiction.

**AFFIRMED**

COSTS

Each party shall bear its own costs.